UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK H. SHULL, JR., | Case No. 2:18-cv-2377-KJD-NJK |
| Plaintiff, | ORDER |
| v. | |
| THE UNIVERSITY OF QUEENSLAND AND THE OCHSNER MEDICAL GROUP, | |
| Defendants. | |

Presently before the Court is Defendant Ochsner Medical Group's Motion to Dismiss (#4). Plaintiff filed a response in opposition (#7) to which Defendant replied (#11). Defendant The University of Queensland ("Queensland") filed a Joinder (#12) to Defendant's Motion. Defendant filed a late response (#25) in opposition to the motion and the joinder.

I. Background

Plaintiff filed the present complaint in Nevada state court on November 2, 2018 seeking a declaratory judgment that Defendants had violated Title VI of the Civil Rights Act of 1964 by infringing his right to be free from national origin discrimination. Plaintiff alleges that he entered into a contract with Defendants University of Queensland and Ochsner Medical Group. The contract allowed him to attend medical school at the University of Queensland in Australia, take the United States Medical Licensing Exam ("USMLE"), and finish his clinical rotations at Defendant Ochsner Medical Group's hospital in New Orleans, Louisiana. However, things did not go according to plan.

Defendant was an admittedly poor medical student who finished at the bottom of his class. He did not take the USMLE and was forced out of the program due to his ineligibility for the final two years of clinical rotations. He was awarded a medical studies degree. In response to

Plaintiff's complaint, Defendants filed the present motion to dismiss for lack of personal jurisdiction.

II. Legal Standard

Since no applicable federal statute governing personal jurisdiction in this case exists, the court applies the law of the state in which the district court exists. See Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1076 (9th Cir. 2003). Nevada permits the exercise of personal jurisdiction to the full extent permitted by due process. See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 415 (9th Cir. 1977).

Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate. See Dole Food Co., Inc. v. Watts 303 F.3d 1104, 1108 (9th Cir. 2002). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). In such cases, "[the court] only inquire[s] into whether [the plaintiff]'s pleadings and affidavits make a prima facie showing of personal jurisdiction." Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

The assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). These requirements "give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990). General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415

(1984)). Specific jurisdiction may be asserted "if the case arises out of certain forum-related acts." Id. "Whether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment' ... [to] ensure[ ] that 'a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.' " Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

III. Analysis

A. General Jurisdiction

Another Court in the District of Nevada has already found that it lacks jurisdiction over Defendants. See Shull v. University of Queensland, 2:18-cv-01781-APG-PAL (January 8, 2009), Docket No. 68, 2019 WL 148401. Plaintiff has done little to address the issues raised in that case and this Court finds that it lacks general jurisdiction over Defendants. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction ... Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." Id. (citations omitted).

Plaintiff Frederick Shull alleges in the complaint that Ochsner is "based in New Orleans, Louisiana" (ECF No. 1-1 at 4, ¶ 3) and Queensland is "based in Brisbane, Australia" (Id. at 1-1, ¶ 1). Neither Ochsner nor Queensland is authorized to do business in Nevada; neither conducts any business in Nevada; neither owns or maintains any office or property in Nevada; and neither has any employees, assets, bank accounts, records, or other property here. None of the defendants would be deemed "at home" in Nevada. Further, Defendant admits that he contracted with Defendants and learned of the existence of the program on the internet while he resided in and was a citizen of Indiana. Clearly, Plaintiff has not alleged jurisdictional facts necessary for the Court to exercise general jurisdiction.

///

///

B. Specific Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." Id. at 802. If he succeeds, the defendant then must "present a compelling case that the exercise of jurisdiction would not be reasonable." Id.

In analyzing specific jurisdiction, the court "focuses on the relationship among the defendant, the forum, and the litigation.... [T]he defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (internal quotation marks and citations omitted). The "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 285.

None of the defendants' Nevada-related activities (to the extent they had any) justifies the exercise of specific personal jurisdiction over them in this case. See, e.g., Boschetto v. Hansing, 539 F.3d 1011, 1019 (9th Cir. 2008) (holding that a single contract with a citizen of the forum state for the sale of one item through eBay was not a substantial contact deliberately aimed at the forum that would support specific jurisdiction); Hatset v. Century 21 Gold Coast Realty, 649 Fed. App'x 400, 402 (9th Cir. 2016) (unpublished) (affirming lack of personal jurisdiction in California where a website listed a California phone number but was meant to facilitate contact with anyone in the United States, rather than to target California residents); Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 35-36 (1st Cir. 2010) (affirming lack of personal jurisdiction in New

Hampshire where a hospital's interactive website was available to people everywhere and nothing indicated activity directed at New Hampshire). Defendants' use of a website for general marketing, information, and interaction with people worldwide does not constitute activity specifically directed at Nevada. Neither Ochsner nor Queensland advertises, targets, or otherwise solicits Nevada residents. See Declaration of Pete November, Defendant Ochsner Clinic Foundation's Motion to Dismiss, Doc. No. 4, p. 15-16. As he admits, Shull learned about and accessed the website—and signed the contract for educational services—while he lived in Indiana. Plaintiff's Complaint, Doc. No. 1-1.

The exercise of specific jurisdiction is not justified by the emails Shull alleges he was sent by Defendants and read while he was in Nevada. The letters were not addressed, mailed, or directed to Nevada but rather were sent via email to a non-descript email address that Shull provided. Shull's accessing and reading those emails in Nevada cannot impose jurisdiction upon the defendants. Walden, 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.").

Finally, the fact that Shull claims to have suffered some injury in Nevada is insufficient (though it is clear that the alleged injury was suffered at the time he signed the contract in Indiana and as he attended school in Australia).

> [M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

Id. at 290. The defendants are not connected to Nevada in any jurisdictionally meaningful way.

Shull has failed to satisfy his burden on the first two prongs of the Ninth Circuit's test for specific personal jurisdiction. Even if the Court had found that Plaintiff had satisfied his burden on the first two prongs, the Court finds that he has not met his burden on the third prong, whether the exercise of jurisdiction would comport with fair play and substantial justice. Specific

jurisdiction is unreasonable. The defendants are domiciled in Australia and Louisiana and they have no connection to Nevada. Shull, while a resident of Indiana, voluntarily contracted with Queensland or Ochsner; he attended school at Queensland in Australia; after failing to qualify for the UMSLE, he hoped to complete his clinical program in Australia and become a licensed medical professional in Australia. Nothing could have suggested to the defendants that they would later be expected to defend themselves in a Nevada court. It appears that none of the relevant documents or witnesses (other than Shull) is located in Nevada. It would be unfair and unreasonable under the circumstances of this case to force the defendants to be haled into court here. This court does not have specific jurisdiction over the defendants, so the claims against them must be dismissed without prejudice.

Finally, to the extent that the Court construes *pro se* Plaintiff's pleadings liberally and considers the arguments in his late filed late Motion in Opposition (#25), his argument fails. Contrary to Plaintiff's assertion, 42 U.S.C. § 2000d does not create personal jurisdiction in Nevada. Further, Plaintiff alleges that the University of Queensland ("Queensland") is not subject to the personal jurisdiction of any state court. However, Plaintiff's own complaint alleges the necessary prima facie case for general or specific jurisdiction over Queensland in Louisiana. Further, Federal Rule of Civil Procedure 4(k)(2) does not serve as an independent basis for exercise of personal jurisdiction where the Court has found such exercise to be unreasonable. See Glencore, 284 F.3d at 1126-27. Accordingly, the Court grants Defendants' motions to dismiss based on lack of general or specific personal jurisdiction.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (#4/12) are **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's claims are **DISMISSED without prejudice**;

///

///

///

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**.

Dated this 31st day of July, 2019.

                                              Kent J. Dawson
                                              United States District Judge