UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK H. SHULL, JR., | Case No. 2:18-cv-2377-KJD-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| THE UNIVERSITY OF QUEENSLAND AND THE OCHSNER MEDICAL GROUP, | |
| Defendants. | |

Before the Court is plaintiff Frederick Shull's Motion to Reopen Case (ECF No. 50). If the Court grants that motion, Shull also moves to transfer the case to the Eastern District of Louisiana (ECF No. 51) and to amend his complaint for the fourth time (ECF No. 52).

On July 31, 2019, this Court found that it lacked personal jurisdiction over The University of Queensland and Ochsner Clinic Foundation and granted Ochsner Clinic Foundation's motion to dismiss. (ECF No. 48). Shull now asks the Court to reconsider that decision, arguing that Ochsner's failure to include certain parties in its Certificate of Interested Parties (ECF No. 2) robbed Shull of his opportunity to bring suit against them. Had he been able to include those parties, Shull argues, this Court would not have dismissed his claims. However, Ochsner's Certificate of Interested Parties did not violate the local rules, and even if it did, that violation would not be enough to overturn the Court's prior judgment in Ochsner's favor. Therefore, the Court denies Shull's Motion to Reopen.

**I.      Background**

Shull's dispute arises out of his time as a medical student at the University of Queensland. Shull incurred hundreds of thousands of dollars in student debt to attend the university with the ultimate goal of practicing medicine in the United States. According to Shull,

the university led him to believe that, though its students frequently attended classes in Queensland, Australia, they were eligible to take the United States Medical Licensing Exam and perform their clinical rotations at Ochsner Medical Center in New Orleans, Louisiana. However, due to Shull's admittedly poor academic performance, he was not eligible to sit for the exam, nor was he qualified for clinical rotations in New Orleans.

Shull brought this suit seeking damages against both the university and Ochsner, but the Court dismissed his claims for lack of personal jurisdiction. In its order of dismissal, the Court found that "[t]he defendants are domiciled in Australia and Louisiana[,] and they have no connection to Nevada. . . Nothing could have suggested to the defendants that they would later be expected to defend themselves in a Nevada court." Order of Dismissal 6, ECF No. 48. Having dismissed each of Shull's claims, the Court entered judgment in favor of each defendant. ECF No. 49. Shull now moves to set aside that judgment under Rule 60(b)(1), alleging that the Court's prior order was based on a mistake.

## II. Legal Standard

As always, the Court construes pro se filings liberally and in that party's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, the pro se party is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Reconsideration is an "extraordinary remedy" that should be used sparingly to correct serious errors. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). As such, it is generally disfavored. LR 59-1. Due to the interests of judgment and finality, reconsideration is appropriate only where the Court has committed clear error, has been presented with newly discovered evidence, or when the controlling law has changed since judgment was entered. Kona Enter. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, reconsideration carries a high bar for relief. Likewise, the standard to set aside a judgment under Rule 60 carries a high burden. The Court may relieve a party from a final judgment only if that party demonstrates (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered earlier; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

### III. Analysis

Shull does not meet that standard. His argument is based on Ochsner's Certificate of Interested Parties that it filed shortly after this case was removed from state court. There, Ochsner disclosed only one potential party with a direct financial interest in the case: its parent company, Ochsner Health System. Cert. Interested Parties 1, ECF No. 2. It further certified that "[n]o publicly traded company owns 10% or more of Ochsner Clinic Foundation's stock." Id. Shull argues that Ochsner's certificate should have also disclosed the partnership between Ochsner and the University of Queensland and the identity of Dr. Ronald G. Amedee "in his capacity as The University of Queensland Vice-Chancellor Peter Hoj's delegate." Mot. to Reopen 4, ECF No. 50. Ochsner's failure to dislcose Dr. Amedee and the UQ-Ochsner partnership, Shull claims, violated Local Rule 7-1.1 and warrants overturning the Court's judgment for the defendants.

Local Rule 7-1.1 requires each litigant to identify and disclose any third party that "[has] a direct, pecuniary interest in the outcome of the case." The certificate is intended to reveal any potential conflicts between the judges assigned to the case and the third parties who share a financial interest with the litigants. See Preston v. United States, 923 F.2d 731, 735 (9th Cir. 1991). Failure to file the Certificate of Interested Parties generally results in an order to show cause, and continued failure may result in sanctions to the offending party or dismissal of the case. See Adv. Architectural Metals, Inc. v. S.W. Regional Council of Carpenters, No. 2:08-cv-0252-ECF-PAL, 2008 WL 2775011 (D. Nev. June 13, 2008).

Here, Ochsner did not violate Local Rule 7-1.1, and even if it had, that violation would not warrant overturning the judgment. Shull contends that Ochsner's omission of Dr. Amedee from its Certificate of Interested Parties prevented Shull from including Amedee in his suit. Mot. to Reopen at 5. Shull misunderstands the purpose of the Certificate of Interested Parties. The Certificate of Interested Parties is a tool to assess potential conflicts between the judge and third parties not a menu from which a plaintiff selects defendants. It does not require a defendant to disclose any party that the plaintiff could presumably sue. It requires disclosure of any party with a "direct, pecuniary interest in the outcome of the case." LR 7-1.1(a). There is no evidence that

| | |
|---|---|
| 1 | Amedee has the type of direct, pecuniary interest that LR 7-1.1 contemplated, and Shull does not |
| 2 | allege such an interest. Therefore, Ochsner did not violate LR 7-1.1. |
| 3 | Even assuming Ochsner violated the rule, disturbing the judgment would not be the |
| 4 | appropriate remedy. Failure to file a Certificate of Interested Parties interferes with Court's |
| 5 | docket, delays a case, and wastes judicial resources. United States v. Dilullo, No. 2:07-cv-0321- |
| 6 | KJD-PAL, 2007 WL 3124544 at *1 (D. Nev. Oct. 23, 2007). Thus, willful violations are |
| 7 | punishable by sanctions up to and including dismissal of a case. Id. However, Shull presents no |
| 8 | authority—nor has the Court found any—that supports his assertion that such a violation could |
| 9 | be grounds for overturning a judgment. Therefore, the Court will not disturb its prior holding that |
| 10 | it lacks personal jurisdiction based on Ochsner's alleged violation of LR 7-1. |
| 11 | Finally, Ochsner's disclosure of its partnership with the University of Queensland and of |
| 12 | Dr. Amedee would not have changed the outcome here. The Court still would have lacked |
| 13 | personal jurisdiction and would have dismissed Shull's complaint. Like Ochsner, Dr. Amedee is |
| 14 | Louisiana resident without any connection to Nevada that would vest this Court with personal |
| 15 | jurisdiction. Mot. to Reopen at 4. Instead, Shull seems to believe that had he known about |
| 16 | Amedee during the course of these proceedings that he would have moved to transfer this case to |
| 17 | Louisiana. Id. ("but for Plaintiff's being unaware of the partnership and Amedee . . . Plaintiff |
| 18 | would have filed an amended complaint . . . [and] would have filed to transfer venue to the |
| 19 | Eastern District of Louisiana"). Yet, Shull failed to transfer jurisdiction to the Eastern District of |
| 20 | Louisiana despite his knowledge that Ochsner was a resident of that state. The Court will not |
| 21 | engage in the hypothetical exercise of what actions Shull would have taken had he known of |
| 22 | Amedee's existence earlier. Therefore, the Court still lacks personal jurisdiction over each |
| 23 | defendant, and Shull has not shown a mistake or other reason to reconsider its dismissal of his |
| 24 | case. |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff Frederick Shull's Motion to Reopen Case (ECF No. 50) is **DENIED**. It follows that all other outstanding motions (ECF Nos. 51 and 52) are **DENIED AS MOOT**.

Dated this 29th day of October, 2019.

                                                        Kent J. Dawson
                                                        United States District Judge